The following opinion was rendered by the justices of the supreme court, to the governor, April 1, 1907.
SUPREME COURT, April 1, 1907.
To His Excellency James H. Higgins, Governor of the State of Rhode Island and Providence Plantations:
We have received from your excellency a request for our opinion upon the following questions, viz.:
"1. In case of a vacancy by death occurring in the office of Railroad Commissioner while the Senate is in session, has the Governor, with the advice and consent of the Senate, the power to fill said vacancy?
"2. In case of a vacancy by death occurring in the office of Railroad Commissioner while the Senate is in session, has *Page 603 
the Senate the power to fill said vacancy after the nomination of the Governor for said office has remained on the table for more than three days?
"3. In case of a vacancy by death occurring in the office of Railroad Commissioner while the Senate is in session, has the Governor, under Section 5, Article VII, of the Constitution, the power to fill said vacancy? If so, until what time does his appointee hold the office?
"4. In case of a vacancy by death occurring in the State Board of Agriculture while the Senate is in session, has the Governor, with the advice and consent of the Senate, the power to fill said vacancy?"
We are of the opinion that all these questions must be answered in the negative.
We find nowhere in the statutes any provision for the appointment of a railroad commissioner or a member of the State board of agriculture to fill a vacancy occurring in either of these offices by the death of the incumbent while the senate is in session.
After the adoption of article XI of the Amendments to the Constitution, November 6th, 1900, it became necessary to change the terms of certain State officers to conform to the new provisions in regard to the session of the General Assembly, and chapter 809 of the public laws was passed January 29, 1901, with that intention. Among the offices affected were those of railroad commissioner and member of the State board of agriculture.
The provisions of the act with respect to the railroad commissioner are as follows:
"SEC. 41. Section 1 of Chapter 187 of the General Laws is hereby amended so as to read as follows:
"SECTION 1. There shall be a railroad commissioner who shall perform the duties enumerated in this chapter and such others as are or may be from time to time provided by law. The person holding that office at the passage of this act shall continue to hold the same for the remainder of the term for which he was appointed. At the January session of the *Page 604 
general assembly in the year A.D. 1901, and in each third year thereafter, the governor, with the advice and consent of the senate, shall appoint some person to be railroad commissioner to succeed the person then holding such office; and the person so appointed shall, hold his office until the first day of February in the third year after his appointment. Any vacancy which may occur in said office when the senate is not in session shall be filled by the governor until the next session thereof, when he shall, with the advice and consent of the senate, appoint some person to fill such vacancy for the remainder of the term."
It is plain that the first part of the section provides for an appointment to the full term of the office, i.e., for three years, beginning February 1st, in every third year from 1901. The event here provided for is not a vacancy, but the approaching expiration of the term. The last clause of the section provides for the filling of a vacancy in the office after the term has begun, but only if such vacancy occurs when the senate is not in session. There is no provision whatever for filling a vacancy which occurs while the senate is in session.
Similar provisions with regard to vacancies in the membership of the Rhode Island State Board of Agriculture are found in section 24 of this chapter, as follows:
"At the January session of the general assembly in each year the governor, with the advice and consent of the senate, shall appoint some persons to be members of said board to succeed the members whose terms will next expire; and the members so appointed shall hold their offices until the first day of February in the second year after their appointment. Any vacancy which occurs in their number when the senate is not in session shall be filled by the governor until the next session thereof, when he shall, with the advice and consent of the senate, appoint some person to fill such vacancy for the remainder of the term."
Here, again, the first clause quoted relates exclusively to an office the term of which has not begun, and the last clause provides only for filling a vacancy which occurs when the senate is not in session. *Page 605 
Section 62 of the same chapter relates only to the filling of vacancies which have occurred while the senate was not in session and which have been temporarily filled by the governor; and section 63 relates only to such appointments as the governor "is required by law to make" at the January session, which are, in fact, all appointments for full terms or appointments under section 62 to fill vacancies which had been temporarily filled when the senate was not in session. These sections only give the senate power to act in cases where the governor has acted or neglected to act when his action is required by other sections of the chapter. These sections do not deal with the case of a vacancy occurring while the senate is in session any more than those we have already considered.
This deficiency in chapter 809 seems to have been contemplated by the General Assembly of 1905, and it was partially supplied by Public Laws, chapter 1248, passed May 11, 1905, as follows:
"SECTION 1. Whenever any officer elected by the grand committee, appointed by the governor, with the advice and consent of the senate, or elected by the senate, shall resign his office during a session of the general assembly, to take effect immediately or at some later date before the next meeting of the general assembly, the vacancy which will occur upon the taking effect of such resignation may be filled at such session, for the unexpired term of such office, in the manner provided by law for the election or appointment of such officer for a full term."
This law, however, only provides for a vacancy occurring by resignation, not one caused by death or some other cause, and the contingency supposed by your excellency's questions is still unprovided for by statute.
The provision of the constitution relating to the filling of vacancies in State offices remains to be considered.
Article VII, section 5, referring to the governor, is as follows: "He may fill vacancies in office not otherwise provided for by this constitution or by law, until the same shall be filled by the general assembly, or by the people." *Page 606 
This language does not embody the announcement of any great principle of right which might lead us to expand its application beyond its plain tenor. It is only a power given to the executive for general convenience in case some other custodian of it has not been provided, and it is only for a temporary purpose — until the normal elective power shall act. At the time the constitution was adopted substantially all State officers of permanent tenure were either elected by the General Assembly or by the people; the governor had the appointment of the commissioner of the Indian tribe, commissioners of deeds residing in other states of the Union, and special commissioners to examine State banks. Appointment by the governor with the advice and consent of the senate and election by the senate, except of its own officers, were unknown.
The section obviously applies to vacancies occurring in offices to which incumbents are elected by the people, or by the General Assembly, as it specifies the term of appointment in words which are applicable to such offices only. If we were to construe this section as conferring upon the executive the power of appointment in the cases under consideration we should be unable to find in the section any answer to your excellency's question as to the term of office of the appointee, unless we could enlarge also by implication the power of the senate to fill the vacancy and terminate the appointment of the executive when the senate should act; but we think such a construction would go far beyond any meaning which can be legitimately deduced from the text and would be an attempt to stretch its provisions to include circumstances not contemplated by those who framed it.
 WILLIAM W. DOUGLAS, EDWARD C. DUBOIS, JOHN TAGGARD BLODGETT, CLARKE H. JOHNSON, C. FRANK PARKHURST. *Page 607